**IN THE COURT OF APPEALS OF IOWA**

No. 22-1984
Filed May 10, 2023

**IN THE INTEREST OF S.T. and T.R.,**
**Minor Children,**

**B.R., Mother,**
　　Appellant.

_____

Appeal from the Iowa District Court for Polk County, Kimberly Ayotte, District Associate Judge.

A mother appeals the termination of her parental rights to two children. **AFFIRMED.**

Mark D. Reed of Marberry Law Firm, P.C., Urbandale, for appellant mother.

Brenna Bird, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Bo Woolman, Des Moines, attorney and guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Greer and Chicchelly, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals the termination of her parental rights to two children, born in 2012 and 2015. She contends (1) the record lacks clear and convincing evidence to support the grounds for termination cited by the district court; (2) termination was not in the children's best interest; and (3) the district court should have granted exceptions to termination.

The district court terminated the mother's parental rights under two statutory grounds. We may affirm if we find clear and convincing evidence to support either of those grounds. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). We will focus on Iowa Code section 232.116(1)(f) (2022), which requires proof of several elements, including proof that the children could not be returned to parental custody.

The department of health and human services intervened in mid-2021 "due to concerns that [the mother] was smoking marijuana cigarettes dipped in embalming fluid . . . while she was taking care of her children." The district court ordered the children be removed from her custody. The younger child was placed with her father. The older child was placed with that father's sister. The children were later adjudicated in need of assistance.

Meanwhile, the mother was convicted and sentenced to two crimes and received suspended sentences and probation. In the fifteen months following the children's removal, the mother made some effort to engage in treatment services. She underwent two substance-abuse evaluations, participated in recovery court on a weekly basis, and submitted to drug testing. At the same time, she tested

positive for PCP on several occasions, consumed alcohol in violation of probation rules, and failed to appear for scheduled visits with her probation officer.

The district court revoked the mother's probation and ordered her to serve thirty days in jail. In combination with another sentence, the mother admitted she was jailed a total of "[a]bout 90 days" out of the fifteen months between removal and termination. As a result of the probation-revocation sentence, the mother was unable to pursue an extended outpatient treatment program recommended by the second substance-abuse evaluator.

To her credit, the mother began the program after discharging her sentence days before the termination hearing. She had her first "one-on-one session[ ] with the counselor" and started "group [sessions] twice a week." She also expressed an intent to return to recovery court following the termination hearing. And she appeared to move a step closer to internalizing the consequences of her drug use when she testified that "[s]ometimes [PCP] [could] cause [her] to be irrational and make bad decisions."

But the mother juxtaposed that acknowledgment with a categorical denial of alcohol or PCP abuse. She also suggested her recent positive drug tests reflected accidental ingestion of PCP. Most concerning were the department's reports of her "erratic, and aggressive behavior[s]," including a fraught interaction with a service provider and an apparent vehicle break-in and self-injury. At the time of the termination hearing, the mother had not sufficiently engaged in services to address this type of conduct. The department case manager testified, "there had never been mental health services provided, other than . . . medication management." The mother agreed, stating she did not have "individual therapy

throughout this case" other than occasional chats with a service provider. She had yet to attend Alcoholics Anonymous or Narcotics Anonymous. While she stated there was nothing that would prevent her from safely parenting the children on the date of the termination hearing, her visits with them remained fully supervised due to her "unresolved substance abuse and unresolved mental health concerns." On our de novo review, we conclude the State proved that the children could not be returned to her custody.

Termination must also be in the child's best interests. *See* Iowa Code § 232.116(2). The guardian ad litem filed a report stating the risk of harm to the children if returned to the mother outweighed the traumatic impact of their removal. The report also stated the children were "doing very well and" were "healthy" and "excelling at school." While they "wish[ed] to live with their mother," the guardian ad litem concluded they were "not of a sufficient age" or maturity level "to make an informed decision in this matter."

The mother conceded the older child was "in good hands" and his "behavioral issues" at school had "gotten better." As for the younger child, the mother testified she was "fine with her father."

On our de novo review, we agree with the district court's determination that the mother "remain[ed] largely in denial about the extent of her substance use and mental health and the negative impact on her children" and "[h]er actions present[ed] ongoing risk of disruptive behavior." Termination of her parental rights was in the children's best interests.

We are left with the mother's reliance on the relative custody exception to termination. *See id.* § 232.116(3)(a). The district court granted the younger child's

father legal custody of the child. While the district court could have declined to terminate that child's rights in light of the custody award, the court was not obligated to do so. *See In re A.S.*, 906 N.W.2d 467, 475 (Iowa 2018) (stating the exceptions are "permissive, not mandatory"). We agree with the court that there was "a risk of ongoing disruption to the child[ ] if [the mother's] parental rights remain[ed] intact." As for the older child, he was placed in the custody and guardianship of the department rather than a relative. But assuming without deciding the "relative custody" exception applied, the child showed a marked improvement in his behaviors following his removal. The mother was not in a position to help the child maintain that trajectory.

The mother also argues termination was not warranted given the strength of her bond with the children. *See* Iowa Code § 232.116(3)(c). The same reasons supporting the district court's denial of the relative custody exception support the court's refusal to apply this exception, notwithstanding the children's desire to live with the mother.

We affirm the termination of the mother's parental rights to the children.

**AFFIRMED.**